# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

OLUWADAYISI OMOSULE,                    :

      Petitioner,                    :          Case No. 3:09cv00374

 vs.                                   :          District Judge Walter Herbert Rice
                                                      Magistrate Judge Sharon L. Ovington

GREENE COUNTY DOMESTIC          :
RELATIONS COURT,
                                        :
      Respondent.                    :

                                        :

## REPORT AND RECOMMENDATIONS[1]

Petitioner Oluwadayisi Omosule, a resident of Dayton, Ohio, has filed a *pro se*
Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. Petitioner challenges the
sixty-day sentence imposed upon him by the Greene County, Ohio Domestic Relations
Court for non-payment of child support. The case is presently pending upon the Petition
(Doc. #1), a Motion to Support Evidence (Doc. #7), and the record as a whole.

Upon preliminary consideration of the Petition and related documents (Doc. #s 1,
7) pursuant to Rule 4 of the Rules Governing §2254 Cases, it plainly appears that
Petitioner is currently attempting to exhaust his claims in the Ohio Court of Appeals by
way of a delayed motion to appeal. *See* Doc. #7 (attached Exhibits).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust
available state remedies..., thereby giving the State the opportunity to pass upon and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court..., alerting that court to the federal nature of the claim." *Reese*, 541 U.S. at 29 (citations omitted). To fairly present federal claims in the Ohio courts, a petitioner must raise the substance of them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *see also Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001).

Because the record of this case presently establishes that Petitioner has yet to exhaust his claims in the Ohio courts, this case should be stayed to provide him an opportunity to do so. *See Wagner v. Smith*, 581 F.3d 410, 419-20 (6th Cir. 2009).

## IT IS THEREFORE RECOMMENDED THAT:

1. The case be stayed to provide Petitioner an opportunity to exhaust his claims in the Ohio courts;

2. Petitioner be ordered to file a status report within ninety days informing the Court about the status of the proceedings in state court; and

3. The case be administratively processed on the Court's docket until the stay is removed.

November 25, 2009

     s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).